UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| PASKO PIACUN | CIVIL ACTION |
| VERSUS | NO: 09-7233 |
| SWIFT ENERGY OPERATING, LLC | SECTION: "A" (2) |

### ORDER

Before the Court is a **Motion to Remand (Rec. Doc. 11)** filed by Plaintiff Pasko Piacun. Defendant Swift Energy Operating, LLC opposes the motion. The motion, set for hearing on January 20, 2010, is before the Court on the briefs without oral argument. For the reasons that follow the motion is **GRANTED**.

### I. BACKGROUND

Plaintiff initiated this suit in state court against Swift Energy Operating, LLC. ("Swift"). Plaintiff is the owner and leaseholder of oyster lease nos. 33615 and 33630 located in Lake Grand Ecaille in Plaquemines Parish, Louisiana. In 2009, Swift constructed an oil pipeline across the leases pursuant to a "Pipeline Right-of-Way Grant." Plaintiff alleges that the construction of the pipeline damaged the oyster beds on his leases. On October 2, 2009, Plaintiff filed a petition asserting a state law damages claim, but stipulated that his damages do not exceed $75,000. (Plaintiff Complaint, 2).

1

On November 10, 2009, Swift filed a Notice of Removal alleging jurisdiction under 28 U.S.C. § 1332, diversity jurisdiction. (Notice of Removal, 1). Swift alleges that the amount in controversy exceeds $75,000 based upon the value and cost of injunctive relief the Plaintiff may seek against it. (Notice of Removal, 2-3). On December 7, 2009, Swift filed a counterclaim alleging claims based on admiralty and state law.

Plaintiff moves to remand the case to state court. Plaintiff argues that Swift has failed to meet its burden of establishing that the amount in controversy exceeds $75,000. (Motion to Remand, 2). Plaintiff also contends that Swift's admiralty counterclaim cannot alone establish this Court's jurisdiction. (Motion to Remand, 8).

## II. **DISCUSSION**

It is well-established that the party invoking the jurisdiction of a federal court has the burden of proving that the exercise of such jurisdiction is proper. In re North American Philips Corp., 1991 WL 40259, at *2 (5th Cir. 1991). In a removal case, the removing party bears that burden, a burden unaffected by the status of discovery, the number of plaintiffs, or any problems created by state law. Id. Any doubt regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction and in favor of remand. Acuna v. Brown & Root, Inc., 200 F.3d 335, 339 (5th Cir. 2000) (citing Willy v.

2

Coastal Corp., 855 F.2d 1160, 1164 (5th Cir.1988)).

In Luckett v. Delta Airlines, Inc., the Fifth Circuit summarized the analytical framework for determining whether the amount in controversy requirement is met in cases removed from Louisiana state courts where specific allegations as to damage quantum are not allowed. 171 F.3d 295, 298 (5th Cir. 1999). In such cases, the removing defendant, as the party invoking the federal court's jurisdiction, bears the burden of proving, by a preponderance of the evidence, that the amount in controversy exceeds $75,000. Id. (citing De Aquilar v. Boeing Co., 11 F.3d 55, 58 (5th Cir. 1993)). As the Fifth Circuit explained:

> The defendant may make this showing in either of two ways: (1) by demonstrating that it is "facially apparent" that the claims are likely above $75,000, or (2) by setting forth the facts in controversy – preferably in the removal petition, but sometimes by affidavit – that support a finding of the requisite amount.

Id. (citing Allen v. R & H Oil & Gas Co., 63 F.3d 1326, 1335 (5th Cir. 1995)).

Swift alleges that this Court has diversity jurisdiction. "Diversity jurisdiction requires: (1) complete diversity of parties; and (2) an amount in controversy that exceeds $75,000." Fenton v. Greyhound Lines, Inc., 324 F.3d 771, 773 (5th Cir. 2003). In this action, there is no dispute about the complete diversity between the two parties. But the amount-in-controversy requirement is in dispute.

Swift alleges the amount in controversy exceeds $75,000.

3

Swift agrees with the Plaintiff that the monetary award could not exceed $75,000. However, Swift suggests "that the value of the matter in controversy is measured not by the monetary judgment which the plaintiff may recover, but by the judgment's pecuniary consequence to those involved in the litigation." <u>Duderwicz v. Sweetwater Savings Assoc.</u>, 595 F.2d 1008 (5th Cir. 1979). Therefore, the total amount in controversy would exceed $75,000 because the value and cost of any injunctive relief against them would exceed $75,000. Furthermore, the Plaintiff can not show to a "legal certainty" that the amount in controversy is less than $75,000.

As a general rule, the amount in controversy is determined from the complaint itself, unless it appears that the amount stated in the complaint is not claimed in good faith. <u>National Union Fire Ins. Co of Pittsburgh v. Russell</u>, 972 F.2d 628, 630 (5th cir. 1992). The removing defendant, as the party invoking the federal court's jurisdiction, bears the burden of proving, by a preponderance of the evidence, that the amount in controversy exceeds $75,000. <u>De Aquilar</u>, 11 F.3d at 58. The defendant may make this showing in two ways: demonstrating that it is "facially apparent" that the claims are above $75,000 or (2) setting forth facts in controversy that support a finding of requisite amount. <u>Allen</u>, 63 F.3d at 1335.

The Fifth Circuit has found that "the value of the

plaintiff's right sought to be enforced must exceed the jurisdictional amount in order to confer jurisdiction." Garcia v. Koch Oil Company of Texas Inc., 351 F.3d 636, 639 (5th Cir. 2003) (citing Vraney v. County of Pinellas, 250 F.2d 617 (5th Cir. 1958; Alfonso v. Hillsborough Country Aviation Auth., 308 F.2d 724, 727 (5th Cir. 1962) (refusing to consider potential loss to defendants because "the value to the plaintiff of the right to be enforced or protected determines the amount in controversy.")).[1] The Affidavits of the Plaintiff state that his claims have not and will never exceed $75,000. The amount-in-controversy does not include "additional amounts" that Swift may allegedly incur in the future because of this litigation. Therefore, any potential loss to Swift in re-routing any existing or future pipelines should not be considered because the sole right sought to be enforced by Plaintiff is the damage done to the oyster beds. Plaintiff has not demanded that Swift re-route its oil and gas activities, but only sought fair compensation for damages Swift caused. Finally, Swift has not put forth enough evidence to support its allegation that Plaintiff's claim exceeds $75,000. In conclusion, Swift has failed to satisfy its burden of

---

[1] In Garcia, the Fifth Circuit found "contrary to defendant's view, Duderwicz did not signal our acceptance of 'either-party view point.'" 351 F.3d at 640 n.4. The court limited Duderwicz to its unique facts. The Court of Appeals for the Eleventh circuit, which is bound by Duderwicz, concluded that it did not signal an "abandonment of the plaintiff-viewpoint rule" by the Fifth Circuit. Ericsson GE Mobile Comm. Inc v. Motorola Comm. & Elecs., Inc., 120 F.3d 216, 220 & n.13 (11th Cir. 1997).

5

proving by a preponderance of the evidence that the amount in controversy exceeds $75,000.

Swift contends that irrespective of whether there is diversity jurisdiction, this Court has admiralty jurisdiction over Swift's counterclaim. Swift's counterclaim was filed on December 7, 2009, <u>after</u> it removed the case.  Thus, Swift implicitly argues it can remove the case without jurisdiction and then create jurisdiction by filing its own post-removal pleading.

 The law is well-settled that the jurisdictional facts that support removal are to be judged as of the time of removal and post-removal affidavits and amendments cannot divest the court of jurisdiction once it attaches.  <u>See</u> <u>Gebbia v. Wal-Mart Stores, Inc</u>., 233 F.3d 880, 883 (5th Cir. 2000).  Likewise, the law is clear that post-removal amendments, counterclaims, etc. cannot create jurisdiction where none exists.  <u>M Tee Enter. v. Stock Loans Serv.</u>, Civil Action No. 09-2044, 2009 WL 3849437, at *3 (N.D. Tex 2009); <u>City of San Antonio v. NRG Energy, Inc.</u>, Civil Action No. 10-0033, 2010 WL 324542, at *3 (W.D. Tex. 2010); <u>Central Assoc. Carriers, Inc., v. Nickelberry</u>, 995 F. Supp. 1031, 1035 (W.D. Mo. 1998).

Citing <u>Liberty Mutual Ins. Co. v. Horton</u>, Swift asserts that irrespective of admiralty jurisdiction, the amount-in-controversy will exceed $75,000 because the Fifth Circuit and the Supreme Court permitted the aggregation of the main claim and a

6

counterclaim to satisfy the amount in controversy. 275 F.2d 148, 152 (5th Cir. 1960, aff'd, 367 U.S. 814 (1961). Swift argues that this Court should aggregate the Plaintiff's main claims with Swift's counterclaims to meet the amount-in-controversy requirement. (Opposition to Plaintiff's Motion to Remand, 8). Liberty Mutual was a case where the claim was originally filed in federal court. 275 F.2d 148. It does not present a removal situation as in this case. Other courts also recognize the distinction. Nickelberry, 995 F. Supp. at 1035. And this Court's own research revealed no case where removal was deemed proper based on a defendant's post-removal counterclaim.

In conclusion, the Court finds no merit to Swift's contention that the Plaintiff's claims meet the amount in controversy requirement for diversity jurisdiction. Furthermore, Swift's post-removal counterclaim cannot create jurisdiction. Therefore, this Court does not have subject matter jurisdiction over this suit and remand is appropriate.
Accordingly;

**IT IS ORDERED** that the **Motion to Remand (Rec. Doc. 11)** filed by Plaintiff Pasko Piacun should be and is hereby **GRANTED**. This matter is remanded to the state court from which it was removed pursuant to 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction.

March 12, 2010

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE